**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION TRUST FUND BOARD OF TRUSTEES; RESILIENT FLOOR COVERING PENSION TRUST FUND, | No. 16-16749 D.C. No. 3:11-cv-05200-JSC |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| MICHAEL'S FLOOR COVERING, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted December 5, 2017
San Francisco, California

Before: **KOZINSKI** and **HURWITZ**, Circuit Judges, and **KEELEY**,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

**1.**  The district court didn't err in holding appellants must show that Michael's Floor Covering, Inc. ("MFC") had notice of Studer's Floor Covering Inc.'s ("SFC") withdrawal liability prior to becoming SFC's successor to impose withdrawal liability on MFC.  See Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc., 801 F.3d 1079, 1084 (9th Cir. 2015).

**2.**  In employment cases, "[t]he principle [sic] reason for the notice requirement is to ensure fairness by guaranteeing that a successor had an opportunity to protect against liability by negotiating a lower price or indemnity clause."  Steinbach v. Hubbard, 51 F.3d 843, 847 (9th Cir. 1995).  Appellants argue that MFC had sufficient notice because it knew that some of SFC's employees were unionized and SFC contributed to a pension fund.  Appellants also claim that MFC had notice because a Resilient Floor Covering Pension Trust Fund trustee told MFC's owner that "if the pension was fully funded as of today, I would go non-union the next day."  But this trustee was the owner of an entirely separate business in a different city and there's no evidence that he had any ownership stake in MFC or SFC.  These facts fail to show that MFC had notice of SFC's withdrawal liability or "had an opportunity to protect against [it.]"  Id.

**AFFIRMED.**